UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ASHLEY GUGINO, | Case No. 2:17-cv-02431-APG-GWF |
| Plaintiff, | **ORDER REMANDING CASE TO STATE COURT** |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | |
| Defendant. | |

Defendant Government Employees Insurance Company (GEICO) removed this case to federal court on September 18, 2017. ECF No. 1. I ordered GEICO to show cause why this case should not be remanded because the amount at issue does not meet this court's jurisdictional amount. ECF No. 12. In response, GEICO presents no evidence about the amount in controversy. Rather, it states that plaintiff Ashley Gugino refused to stipulate that the case is worth less than $75,000, and that I am not bound by the statements in Gugino's complaint that she has been damaged "in an amount . . . less than Seventy-Five Thousand Dollars ($75,000)." ECF No 11.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n,* 469 F.3d

1236, 1240 (9th Cir. 2006) ("[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure.").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "although attempting to recite some magical incantation, neither overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $75,000." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis and quotation omitted); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679

(2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense.").

Here, there is considerable doubt as to GEICO's right to remove this case because it appears highly unlikely that the amount in controversy exceeds this court's jurisdictional threshold. Gugino alleges that she suffered injuries in a rear-end automobile accident. ECF No. 1-1. The tortfeasor was "underinsured," not uninsured, and thus her insurer presumably paid some amount towards Gugino's injuries. *Id.* at 4. GEICO asserts Gugino's medical bills were approximately $11,500.00 in September 2016. ECF No. 11-1 at 2. GEICO offers no evidence that Gugino has incurred or will incur any other medical bills; nor has GEICO offered any evidence about lost wages. Even adding some amounts for future medical bills and lost wages, the overall amount of recovery still appears small.

Gugino's complaint asserts four claims for relief, each seeking between $15,000 and $75,000. GEICO improperly attempts to lump those together to say that the amount in controversy is therefore at least $60,000 to $300,000. But Gugino has pleaded some of those claims in the alternative and, regardless, she is entitled to only one recovery for her damages. And although Gugino has also asserted claims for extra-contractual and punitive damages, GEICO offers no evidentiary support other than the fact that her complaint requests such damages.

GEICO contends a large punitive damages award is possible even if the compensatory damage award is small. However, under GEICO's analysis, I would have to hold that every (or nearly every) insurance bad faith lawsuit seeking extra-contractual or punitive damages satisfies the $75,000 jurisdictional threshold. That runs contrary to well-established law regarding removal.

Based on my judicial, legal, and practical experience and common sense, I find that GEICO has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-62; *Iqbal*, 556 U.S. at 679. Consequently, I must remand this action to state court.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated this 30th day of October, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE